UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY CHRISTENSEN, Retired Unit Manager at Mike Durfee State Prison, Individual and Official Capacity; LAURIE STRATMAN, Unit Coordinator at Mike Durfee State Prison, Individual and Official Capacity; DARIN YOUNG, Terminated Warden at SDSP, Individual Capacity; JESSICA COOK, Associate Warden at SDSP, Individual and Official Capacity; DEREK EKEREN, Unit Manager at Jameson, Individual and Official Capacity; JENNIFER DRIESKE, Terminated Deputy Warden at SDSP, Individual Capacity; SETH HUGHES, Unit Manager at Jameson, Individual and Official Capacity; CATHY WYNIA, Special Security at SDSP, Individual and Official Capacity; TERESA BITTINGER,[1] Official Capacity,<br><br>Defendants. | 4:22-CV-04072-LLP<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION FOR ASSISTED SERVICE |

Plaintiff, Mark Anthony Christians, an inmate at the South Dakota State Penitentiary, filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. He filed a motion to proceed in forma pauperis and provided his prisoner trust account. Docs. 2 and 4. This Court granted Christians'

---

[1] Christians brings claims against Dan Sullivan, the former South Dakota State Penitentiary Warden, in his official capacity. *See* Doc. 5 at 3. Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." The current SDSP Warden is Teresa Bittinger, who is automatically substituted for Sullivan on Christians' official capacity claims.

motion to proceed in forma pauperis and screened his initial complaint. Doc. 5. Six of the defendants answered Christians' complaint. Doc. 12. The remaining defendants have yet to be served. Christian now moves this Court to appoint counsel and assist with service. Doc. 14.

I.    **Motion to Appoint Counsel**

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). "In civil rights matters the court *may* pursuant to 28 U.S.C. § 1915 request an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982) (internal quotations and citation omitted).

In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Stevens*, 146 F.3d at 546 (citation omitted). Considering these factors, the Court does not deem it necessary to appoint counsel at this early stage in litigation.

The Court is aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

II.     **Motion for Assisted Service**

This Court liberally construes Christians' filing as a motion for assisted service. *See* Doc. 14 at 1; *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases."). In a similar case, this Court instructed the plaintiff to "try to serve [the defendant] with the information that he ha[d] before he s[ought] assistance from the Court to compel another party to act." *Christians v. Young*, 4:20-CV-04083-LLP, 2023 WL 2687260, at *13, 2023 U.S. Dist. LEXIS 56481 (D.S.D. Mar. 29, 2023) (quotation omitted). In *Christians v. Young*, this Court granted the plaintiff's later request for assisted service regarding a different set of defendants because the plaintiff had previously attempted to serve those defendants and was unsuccessful. *Id.* Here, Christians has attempted to serve the unserved defendants and was unsuccessful in doing so because they no longer work at the South Dakota State Penitentiary. *See* Doc. 17. Thus, Christians' motion for assisted service, Doc. 14, is granted. The defendants' counsel must provide the last known addresses for Young, Cook, Drieske, and Christensen to the United States Marshal Service by **September 28, 2023**.

Accordingly, it is ORDERED

1.  That Christians' motion to appoint counsel is denied.

2.  That Christians' motion for assisted service is granted. The defendants' counsel must provide the last known addresses for Young, Cook, Drieske, and Christensen to the United States Marshal Service by **September 28, 2023**. The Clerk of Court shall redact these defendants' addresses from the returns of service before they are filed and provide redacted copies to Christians.

3. That defendants' counsel shall identify Christensen and Cook's successors by **September 28, 2023**, under Federal Rule of Civil Procedure 25(d). Defendants' counsel shall serve the notice on Christians.

DATED August 29th, 2023.

ATTEST:
MATTHEW W. THELEN, CLERK
*Matthew Thelen*

BY THE COURT:
*Lawrence Piersol*
Lawrence L. Piersol
United States District Judge