UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY CHRISTENSEN, Retired Unit Manager at Mike Durfee State Prison, Individual Capacity; LAURIE STRATMAN, Unit Coordinator at Mike Durfee State Prison, Individual and Official Capacity; DARIN YOUNG, Terminated Warden at SDSP, Individual Capacity; JESSICA COOK, Associate Warden at SDSP, Individual Capacity; DEREK EKEREN, Unit Manager at Jameson, Individual and Official Capacity; JENNIFER DRIESKE, Terminated Deputy Warden at SDSP, Individual Capacity; SETH HUGHES, Unit Manager at Jameson, Individual and Official Capacity; CATHY WYNIA, Special Security at SDSP, Individual and Official Capacity; AMBER PIRRAGLIA, Official Capacity, and RICHARD JOHNSTON, Official Capacity.<br><br>Defendants. | 4:22-CV-04072-LLP<br><br>MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S NOTICE OF PERJURY AND DEFENDANTS' MOTION TO STRIKE |

Plaintiff, Mark Anthony Christians, an inmate in the custody of the South Dakota Department of Corrections (DOC), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. On March 27, 2025, the Court issued a Memorandum Opinion and Order Granting Defendants' Motion for Summary Judgment and Ruling on Plaintiff's Miscellaneous Motions. Doc. 105. Christians' "Notice of Perjury by SDDOC Staff Attorney Addyson Agguire [sic]" (Doc. 96) and Defendants' motion to strike (Doc. 101) Christians' notice of perjury and four declarations Christians submitted in support of his notice of perjury (Docs. 97, 98, 99, 100) remain pending.

## Procedural Background

After defendants' motion for summary judgment was fully briefed, Christians filed a "Motion for Retention of Legal Materials." Doc. 90. Specifically, Christians moved for an order permitting him to use a thumb drive to save and preserve his legal materials and to always maintain the thumb drive in his possession. He asserted that "there is no penological reason to deny a USB for legal work other than the bare assertion they can be used inappropriately." Doc. 94 at 5 (capitalization in original omitted). Christians contended that the DOC's policy violates his right to access the courts. Doc. 90 at 1. Finally, Christians alleged that defendants had stolen, lost, or misplaced his legal documents. *Id.* at 2.

Defendants submitted a response to Christians' motion, which defendants construed as a motion for preliminary injunction. Doc. 91. Defendants also submitted an affidavit from Addyson Aguirre, the DOC's General Counsel, in support of their response to Christians' motion. Doc. 92. Aguirre's affidavit includes as exhibits copies of the DOC's Offender Access to the Courts policy and the DOC's Offender Use of Computers policy, along with an explanation of why the policies do not permit Christians to retain as part of his personal property a thumb drive containing his legal materials. *Id.*; Doc. 92-1; Doc. 92-2. Christians disagrees with Aguirre's interpretation of the policies attached as exhibits to her affidavit. He also disputes Aguirre's statement that "[t]he DOC's policy governing USB drive use applies to all offenders. . . ." Christians filed a "Notice of Perjury by SDDOC Staff Attorney Addyson Agguire [sic]" to inform the Court that he disputed the contents of her affidavit. Doc. 96. Christians also filed four declarations along with his notice of perjury. Docs. 97, 98, 99, 100.

Defendants move to strike the notice of perjury and declarations. Doc. 101. Defendants argue that the filings "do not serve any judicial purpose and are scandalous and defamatory." Doc. 102 at 1–2 (internal quotation and citation omitted).

## Analysis and Discussion

District courts enjoy an inherent authority to control their dockets to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, In*c., 501 U.S. 32, 43 (1991); *see also Lunsford v. United States*, 570 F.2d 221, 227 n.11 (8th Cir. 1977) (recognizing the court's authority to strike materials on its own initiative). This authority provides courts the power "to strike improper or untimely briefs and otherwise to enforce their local rules." *Libault v. Mamo*, 2023 WL 1474853, at *1 (D. Neb. Feb. 2, 2023); *see also Fleshner v. Tiedt*, 2019 WL 271619, at *2 (N.D. Iowa Jan. 18, 2019) (recognizing the court's inherent authority to strike a surreply); *McClurg v. Mallinckrodt, Inc.*, 2017 WL 2880350, at *3 (E.D. Mo. July 6, 2017) ("The Court also retains inherent authority to strike evidence or pleadings that are not in compliance with its orders."); *WWP, Inc., v. Wounded Warriors, Inc.*, 2008 WL 150234, at *1 (D. Neb. Jan. 14, 2008) (noting the existence of the court's authority to strike briefs, but declining to exercise it). Nevertheless, the court's "inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. As such, courts generally disfavor striking materials from the docket. *See Wounded Warriors, Inc.*, 2008 WL 150234, at *1. By and large, courts operate under the understanding that a brief should not be stricken unless its content is scandalous or defamatory or the brief "flagrantly" violates the court's rules. *See Papierfabrik Aug. Koehler SE v. United States*, 997 F. Supp. 2d 1347, 1349–50 (Ct. Int'l Trade 2014) ("[T]here is no occasion for a party to move to strike portions of an opponent's brief (unless they be scandalous or defamatory)"); *LaLoup v. United States*, 92 F. Supp. 3d 340, 354 (E.D. Pa. 2015) (refusing to strike "heated"

briefs that verged on character attacks where such briefs did not violate the court's rules); *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 2011 WL 1486033, at *2 (D. Minn. Apr. 19, 2011) (noting that striking materials is an "improper vehicle" to address impermissible arguments).

Defendants acknowledge "[d]isagreements of fact are common and expected in all litigation." Doc. 102 at 3. The record demonstrates that the facts related to Christians' motion for retention of legal materials (Doc. 90) are in dispute. But the Court denied Christians' motion for retention of legal materials because he has not asserted a claim alleging a violation of his First Amendment right to access the courts. Doc. 105 at 32–33. Thus, it was unnecessary for the Court to consider the factual disputes related to Christians' motion for retention of legal materials. The pending matters arising out of the characterization of these factual disputes are now moot and denied as such. The Court cannot determine whether any of the statements in Aguirre's affidavit (Doc. 92) are false based on the existing record. The Court is not inclined to hold an evidentiary hearing to resolve factual disputes that are not relevant to any claim that remains pending merely to determine whether the Court should exercise its discretionary inherent authority to strike materials from the record. Neither party has requested that the Court consider Rule 11 sanctions, but even if there had been such a request, the Court would not be willing to consider sanctions without further record evidence. Accordingly, it is

ORDERED that to the extent Christians' notice of perjury (Doc. 96) seeks affirmative relief, his request is denied as moot. The Court makes no finding, one way or the other, regarding whether any of the statements in Aguirre's affidavit (Doc. 92) are false. It is further

ORDERED that Defendants' motion to strike (Doc. 101) is denied as moot. It is finally

ORDERED that Christians' motion for a final judgment (Doc. 106) is denied as moot.

DATED this 18th day of April, 2025.

BY THE COURT:

_____
LAWRENCE L. PIERSOL
United States District Judge