UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY CHRISTENSEN, Retired Unit Manager at Mike Durfee State Prison, Individual Capacity; LAURIE STRATMAN, Unit Coordinator at Mike Durfee State Prison, Individual and Official Capacity; DARIN YOUNG, Terminated Warden at SDSP, Individual Capacity; JESSICA COOK, Associate Warden at SDSP, Individual Capacity; DEREK EKEREN, Unit Manager at Jameson, Individual and Official Capacity; JENNIFER DRIESKE, Terminated Deputy Warden at SDSP, Individual Capacity; SETH HUGHES, Unit Manager at Jameson, Individual and Official Capacity; CATHY WYNIA, Special Security at SDSP, Individual and Official Capacity; AMBER PIRRAGLIA, Official Capacity,<br><br>Defendants. | 4:22-CV-04072-ECS<br><br>ORDER DENYING MOTION TO STAY AND DENYING MOTION FOR PRODUCTION |

Pro se Plaintiff Mark Anthony Christians brought this § 1983 action against various employees of Mike Durfee State Prison, South Dakota State Penitentiary, and the Jameson Annex. Doc. 1. On March 27, 2025, the district court granted summary judgment. Doc. 105. Christians filed a Notice of Appeal on April 10, 2025, before the Court entered its judgment. Doc. 107. In his notice, Christians wrote:

> It should be noted that Plaintiff . . . has not received an order of final judgment and if this is needed before the appeal he would respectfully request this be held in abeyance of the proceedings and acceptance of this Notice of Appeal for proper filing until such judgment is entered by the District Court.

Id. at 1–2.

On the same date, Mr. Christians filed a Motion for Final Judgment and Notice of Appeal with the district court. Doc. 106. On April 18, 2025, the Court entered its judgment and denied Mr. Christian's Motion for Final Judgment as moot. Docs. 112 & 113. On June 18, 2025, the Eighth Circuit summarily affirmed the Court's order denying a preliminary injunction and dismissed the remainder of Mr. Christians' appeal for lack of jurisdiction because no final order existed. Doc. 128. Christians renewed his Motion for Final Judgment on July 17, 2025. Doc. 130. On July 21, 2025, the Eighth Circuit granted Christians' petition for rehearing by the panel. Doc. 131. The Court denied Christians' Renewed Motion for Final Judgment as moot. Doc. 132.

Federal Rule of Appellate Procedure 4(a)(2) states "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Christians filed his notice of appeal on April 10, 2025. Final judgment was entered on April 18, 2025. Therefore, Christians' notice of appeal is treated as filed on April 18, 2025.

Christians filed on September 22, 2025, a Motion for Stay of Proceedings (Alternative to Appoint Attorney), Doc. 133, with this Court. Christians' appeal is now before the Eighth Circuit. There are no proceedings to stay in this Court, and the Court has no jurisdiction to stay the proceedings of the Eighth Circuit. United States v. Webster, 797 F.3d 531, 537 (8th Cir. 2015) (citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). This lack of jurisdiction further prohibits the Court from

appointing counsel for Christians, "unless the Court of Appeals requests or directs this court to rule on the matter." Smith v. United States Marshals, No. 4:16-CV-05083-KES, 2016 U.S. Dist. LEXIS 172573, at *3 (D.S.D. Dec. 12, 2016).

Christians' Motion for Production of [Original] Documents (or Alternative USB Flash Drive Production), Doc. 135, is also not properly before this Court. In United States v. Webster, the Eighth Circuit affirmed a district court's denial of a criminal defendant's motion to produce because the letter sought was speculated to be exculpatory "and his appeal otherwise contest[ed] his conviction." 797 F.3d at 537. This follows the general principle that a district court lacks jurisdiction over "aspects of the case involved in the appeal." Ahlberg v. Chrysler Corp., 481 F.3d 630, 638 (8th Cir. 2007) (quoting Liddell v. Bd. of Educ. of St. Louis, 73 F.3d 819, 822 (8th Cir. 1996)). Because Christians' case is now before the Eighth Circuit on appeal, the Court presumes that any documents he seeks are to assist in the litigation of that appeal. And so, the proper court to address his request is the Eighth Circuit. Christians appears to recognize this, as he filed a similar motion with the Eighth Circuit. See Mot. Original Ct. Docs., Christians v. Christensen, No. 25-1709 (8th Cir. Aug. 26, 2025). That motion was denied as moot the same day. Order, Christians v. Christensen, No. 25-1709 (8th Cir. Aug. 26, 2025).

For the above reasons, and the record as it now exists before this Court, it is hereby

ORDERED that Plaintiff's Motion for Stay of Proceedings (Alternative to Appoint Attorney), Doc. 133, is denied for lack of jurisdiction. It is further

3

ORDERED that Plaintiff's Motion for Production of [Original] Documents (or Alternative USB Flash Drive Production), Doc. 135, is denied for lack of jurisdiction.

DATED this 24th day of September, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE