UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY CHRISTENSEN, Retired Unit Manager at Mike Durfee State Prison, Individual Capacity; LAURIE STRATMAN, Unit Coordinator at Mike Durfee State Prison, Individual and Official Capacity; DARIN YOUNG, Terminated Warden at SDSP, Individual Capacity; JESSICA COOK, Associate Warden at SDSP, Individual Capacity; DEREK EKEREN, Unit Manager at Jameson, Individual and Official Capacity; JENNIFER DRIESKE, Terminated Deputy Warden at SDSP, Individual Capacity; SETH HUGHES, Unit Manager at Jameson, Individual and Official Capacity; CATHY WYNIA, Special Security at SDSP, Individual and Official Capacity; AMBER PIRRAGLIA, Official Capacity,<br><br>Defendants. | 4:22-CV-04072-ECS<br><br><br>ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER OR ALTERNATIVE PROTECTION ORDER |

On September 24, 2025, this Court denied Christians' Motion for Production of [Original] Documents for lack of jurisdiction because his case is on appeal to the Eighth Circuit. Christians v. Christensen, No. 4:22-CV-04072-ECS, 2025 WL 2720957 (D.S.D. Sept. 24, 2025). The Court reasoned:

> Christians' Motion for Production of [Original] Documents (or Alternative USB Flash Drive Production), Doc. 135, is . . . not properly before this Court. In <u>United States v. Webster</u>, the Eighth Circuit affirmed a district court's denial of a criminal defendant's motion to produce because the letter sought was speculated to be exculpatory "and his appeal otherwise contest[ed] his conviction." [797 F.3d 531, 537 (8th Cir. 2015) (short cite in original).] This follows the general principle that a district court lacks jurisdiction over "aspects of the case involved in the appeal." <u>Ahlberg v. Chrysler Corp.</u>, 481 F.3d 630, 638 (8th Cir. 2007) (quoting <u>Liddell v. Bd. of Educ. of St. Louis</u>, 73 F.3d 819, 822 (8th Cir. 1996)). Because Christians' case is now before the Eighth Circuit on appeal, the Court presumes that any documents he seeks are to assist in the litigation of that appeal. And so, the proper court to address his request is the Eighth Circuit. Christians appears to recognize this, as he filed a similar motion with the Eighth Circuit. <u>See</u> Mot. Original Ct. Docs., <u>Christians v. Christensen</u>, No. 25-1709 (8th Cir. Aug. 26, 2025). That motion was denied as moot the same day. Order, <u>Christians v. Christensen</u>, No. 25-1709 (8th Cir. Aug. 26, 2025).

2025 WL 2720957, at *1.

Christians now returns with an Ex Parte Motion for Temporary Restraining Order or Alternative Protection Order seeking these documents (preferably to be placed on a USB drive) once again. Doc. 139. He states the sought documents are for this case, for other cases that exist, and for cases that will exist in the future. <u>Id.</u> at 2. To the extent the relief sought is for this case, the Court denies the motion for the same reason as the last—the relief Christians seeks may only be granted by the Eighth Circuit. If the relief Christians seeks relates to other existent cases, Christians must file a motion in those cases. This Court has no authority over matters overseen by other judges. Finally, the relief sought that pertains to matters not yet before any court may only be sought by filing a new complaint. This docket does not exist as a catch-all for any relief Christians seeks on any matter.

For the above reasons, and the record as it now exists before this Court, it is hereby

ORDERED that Plaintiff's Ex Parte Motion for Temporary Restraining Order or Alternative Protection Order, Doc. 139, is denied.

DATED this 31st day of December, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE